IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| GARY MICHAEL DINSMORE, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:07-CV-084-A |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Gary Michael Dinsmore, TDCJ-ID #1140609, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Tennessee Colony, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

#### C. FACTUAL AND PROCEDURAL HISTORY

In 2002, Dinsmore was charged by indictment with two counts of indecency with a child by

touching the breasts of A.D. (count one) and K.B. (count two), both children younger than 17, in cause number 8654 in the 355th Judicial District Court of Hood County, Texas. (State Habeas R. at 46-47) The indictment also included two enhancement paragraphs alleging prior felony convictions for DWI and forgery by passing a check. (*Id.*) Count one was dismissed, and the state proceeded to trial on count two. On December 12, 2002, at the conclusion of the guilt/innocence phase, the jury found Dinsmore guilty of the alleged offense, Dinsmore pled true to the enhancement allegations, and the jury assessed his punishment at twelve years' confinement. (*Id.* at 49) Dinsmore appealed his conviction, but the Second District Court of Appeals affirmed the trial court's judgment on December 23, 2004. *Dinsmore v. Texas*, No. 2-03-078-CR, slip op. (Tex. App.–Fort Worth Dec. 23, 2004). On August 31, 2005, the Texas Court of Criminal Appeals refused Dinsmore's petition for discretionary review. *Dinsmore v. Texas*, PDR No. 123-05. Dinsmore filed a state postconviction application for writ of habeas corpus, which was denied by the Texas Court of Criminal Appeals without written order on January 17, 2007. *Ex parte Dinsmore*, Application No. WR-65,922-01, at cover. *See also* http://www.cca.courts.state.tx. Dinsmore filed this federal petition on January 27, 2007.

K.B., who was thirteen at the time of trial, testified that she was a friend of K.S., Dinsmore's stepdaughter, and had frequently spent the night with K.S. the previous year. (6Reporter's R. at 69, 85, 90-91) On one such occasion, she was awakened by Dinsmore lying behind her on the bed. (*Id.* at 77-78) Dressed only in his underwear, he kissed her cheek and neck, rubbed her stomach, attempted to put his hand down her pants, and fondled her breasts inside her bra. (*Id.* at 77-89, 100-27) A.D., also a friend of K.S., testified that on one occasion when she was spending the night with K.S., Dinsmore came into the bedroom, got into bed behind her, touched her hip, and rubbed his

2

hand in circles. (7Reporter's R. at 32-39)

D. ISSUES

Dinsmore raises four grounds complaining of ineffective assistance of trial counsel and asserting that he is actually innocent of the offense. (Petition at 7-8)

E. RULE 5 STATEMENT

Quarterman contends that Dinsmore has not exhausted his state remedies on one or more of the issues presented. (Resp't Answer at 6) 28 U.S.C. § 2254(b)(1). Notwithstanding a petitioner's failure to exhaust his state remedies, a district court may deny a habeas petition on the merits. *Id.* § 2254(2).

F. DISCUSSION

1. Legal Standard for Granting Habeas Corpus Relief

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *See Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established federal

law if it correctly identifies the applicable rule but applies it unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08.

The Act further requires that federal courts give great deference to a state court's factual findings. *See Hill*, 210 F.3d at 485. Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. This presumption of correctness applies to both explicit findings of fact and those findings of fact implicit in the state court's mixed law and fact conclusions. *See Valdez v. Cockrell*, 274, F.3d 941, 948 (5th Cir. 2001). The applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). When the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written order, it is an adjudication on the merits, which is entitled to this presumption. *See Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).

## 2. Ineffective Assistance of Counsel

Dinsmore claims trial counsel was ineffective by (1) failing to investigate and provide a defense to A.D.'s allegations, (2) failing to assert the defense that K.B.'s "sexual memories were implanted," (3) failing to introduce evidence favorable to his defense, and (4) failing to preserve errors for appeal, thus depriving him of a meaningful appeal. (Petition at 7; Pet'r Memorandum at 7-23)

A criminal defendant has a Sixth Amendment right to the effective assistance of counsel at trial. U.S. CONST. amend. VI, XIV; *Evitts v. Lucey*, 469 U.S. 387, 393-95 (1985); *Strickland v. Washington*, 466 U.S. 668, 688 (1984). To establish ineffective assistance of counsel a petitioner must show (1) that counsel's performance fell below an objective standard of reasonableness, and

4

(2) that but for counsel's deficient performance the result of the proceeding would have been different. *Strickland*, 466 U.S. at 688. Both prongs of the *Strickland* test must be met to demonstrate ineffective assistance. *Id.* at 687, 697. A court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance or sound trial strategy. *Id*. at 668, 688-89. Judicial scrutiny of counsel's performance must be highly deferential and every effort must be made to eliminate the distorting effects of hindsight. *Id.* at 689.

The Texas Court of Criminal Appeals denied Dinsmore's habeas application without express findings of fact or written order. *Ex parte Dinsmore*, Appl. No. 65,922-01, at cover. This constitutes an adjudication on the merits by the state court and is entitled to the presumption of correctness. *See Neal*, 286 F.3d at 235. In the absence of a written opinion or express findings of fact, a federal court may assume that the state court applied correct standards of federal law to the facts, unless there is evidence that an incorrect standard was applied, and imply fact findings consistent with the state court's disposition. *Townsend v. Sain*, 372 U.S. 293, 314 (1963)[1]; *Catalan v. Cockrell*, 315 F.3d 491, 493 n.3 (5th Cir. 2002); *Valdez*, 274 F.3d at 948 n.11. Thus, assuming the state court applied the *Strickland* attorney-performance standard to Dinsmore's ineffective assistance claims and made factual findings consistent with their denial of the claims, we defer to the state court's determination unless it appears the decision was contrary to or involved an unreasonable application of *Strickland* or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence in the state court proceedings. *Bell v. Cone*, 535 U.S. 685, 698-99 (2002); *Haynes v. Cain*, 298 F.3d 375, 379-82 (5th Cir. 2002).

---

[1] The standards of *Townsend v. Sain* have been incorporated into 28 U.S.C. § 2254(d). *Harris v. Oliver*, 645 F.2d 327, 330 n.2 (5th Cir. 1981).

Generally, Dinsmore's ineffective assistance claims are conclusory. He makes no effort to rebut the presumptive correctness of the state court's adjudication of the claims nor does an independent review of the state court records reveal clear and convincing evidence that would rebut the presumption of correctness. An ineffectiveness claim based on speculation or conclusional rhetoric will not warrant relief. *See Lincecum v. Collins*, 958 F.2d 1271, 1279-80 (5th Cir. 1992). Dinsmore has not met his burden of overcoming the strong presumption that his trial counsel was competent.

Dinsmore claims counsel was ineffective by failing to investigate and introduce at trial evidence that would have been favorable to him in discrediting the girls' testimony–i.e., evidence that they saw or heard that his picture was displayed at the post office as a registered sex offender, and believed he was a convicted child molester who just got out of prison. (Pet'r Memorandum, Exhibit 4-1) While it is true that an attorney must engage in a reasonable amount of pretrial investigation, the record is silent as to the nature and extent of counsel's investigation into the facts and circumstances of Dinsmore's case. *See Bryant v. Scott*, 28 F.3d 1411, 1415 (5th Cir. 1994). Further, counsel questioned both girls on cross-examination about the matter and each denied having seen and/or heard that Dinsmore's picture was posted as a sex offender. (6Reporter's R. at 100; 7Reporter's R. at 60) It was the jury's role to evaluate the demeanor of the witnesses, determine their veracity, resolve conflicts in the testimony, and decide how much weight should be given their testimony. *See United States v. Millsaps*, 157 F.3d 989, 994 (5th Cir. 1998). Moreover, had the jury considered the purported evidence contradicting the girls' testimony, it cannot be said with any degree of certainty that it is more likely than not that no reasonable juror would have found Dinsmore guilty beyond a reasonable doubt. *See Schlup v. Delo*, 513 U.S. 298, 327 (1995).

Dinsmore's unsubstantiated allegations as to the remainder of his claims are insufficient to support an ineffective assistance claim. *See Ross*, 694 F.2d at 1011. Even if he could show deficient performance, he has not demonstrated that but for counsel's acts or omissions the outcome of his trial or appeal would have been different.

### 3. Actual Innocence

Dinsmore claims that K.B.'s memory was corrupted and that he is actually innocent of the offense. His first claim is not supported by the record and carries no probative value. *See Ross v. Estelle*, 694 F.2d 1008, 1011-12 and n.2 (5th Cir. 1983). Nor has he provided proof that he is actually innocent of the charged offense. He did not testify in his own defense and has not presented new evidence that would demonstrate that a miscarriage of justice has occurred.

## II. RECOMMENDATION

Dinsmore's petition for writ of habeas corpus should be DENIED. All motions not previously ruled upon, if any, should be DENIED.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until April 22, 2008. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings,

conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

### IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until April 22, 2008, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED April 1, 2008.

    /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE