IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

GARY MICHAEL DINSMORE, §
 §
    Petitioner, §
 §
VS. § NO. 4:07-CV-084-A
 §
NATHANIEL QUARTERMAN, §
DIRECTOR, TEXAS DEPARTMENT §
OF CRIMINAL JUSTICE, §
CORRECTIONAL INSTITUTIONS §
DIVISION, §
 §
    Respondent. §

### O R D E R

Came on for consideration the above-captioned action wherein Gary Michael Dinsmore is petitioner and Nathaniel Quarterman, Director, Texas Department of Criminal Justice, Correctional Institutions Division, is respondent. This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On April 1, 2008, the United States Magistrate Judge issued his proposed findings, conclusions, and recommendation ("FC&R"), and ordered that the parties file objections, if any thereto, by April 22, 2008. Petitioner filed his objections, having been granted an extension to do so three days late.

In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the court makes a de novo determination of those portions of the proposed findings or recommendations to which specific objection is made. United States v. Raddatz, 447 U.S. 667 (1980). The court need not consider any nonspecific objections or any frivolous or

conclusory objections.  Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

Petitioner complains that his trial counsel rendered ineffective assistance in four respects and that he is actually innocent of the offense of which he was convicted. Petitioner already raised his ineffective assistance of counsel claims in the state court. With respect to such claims, the United States Magistrate Judge concluded that "[g]enerally, Dinsmore's ineffective assistance claims are conclusory. He makes no effort to rebut the presumptive correctness of the state court's adjudication of the claims nor does an independent review of the state court records reveal clear and convincing evidence that would rebut the presumption of correctness." FC&R at 6. Petitioner has not presented anything in his objections as would change the foregoing conclusion.

With respect to petitioner's contention that he is actually innocent, the Magistrate Judge explained that:

> Dinsmore claims that K.B.'s[1] memory was corrupted and that he is actually innocent of the offense. His first claim is not supported by the record and carries no probative value. See Ross v. Estelle, 694 F.2d 1008, 1011-12 and n.2 (5th Cir. 1983). Nor has he provided proof that he is actually innocent of the charged offense. He did not testify in his own defense and has not presented new evidence that would demonstrate that a miscarriage of justice has occurred.

---

[1] Petitioner was convicted of indecency with a child. K.B. was the child.

2

FC&R at 7 (footnote added). Petitioner has not presented anything in his objections as would change the Magistrate Judge's conclusion.

* * * * * *

For the reasons discussed above, the court accepts the findings, conclusion, and recommendation of the United States Magistrate Judge. Therefore,

The court ORDERS that petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, denied.

SIGNED April 30, 2008.

JOHN McBRYDE
United States District Judge